IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JULIE OLSON, | ) CIVIL NO. 24-00282 DKW-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| | ) PLAINTIFF'S COUNSEL'S |
| vs | ) PETITION FOR 406(b) FEES |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S COUNSEL'S PETITION FOR 406(b) FEES

Before the Court is Plaintiff's Counsel's Petition for 406(b) Fees, filed on April 24, 2026 (Petition), ECF No. 22.  Defendant filed a Response on April 29, 2026, noting that Defendant "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)."  Response, ECF No. 24 at 1-2.  Pursuant to this Court's instructions, Plaintiff filed a supplemental brief on June 1, 2026, clarifying 1) the amount of past-due benefits Plaintiff received from the Social Security Administration; and 2) the amount of fees Plaintiff's counsel requests.

See Supplemental Brief, ECF No. 27; Court's EO Dated May 28, 2026, ECF No. 26. After careful consideration of the Petition, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Petition be GRANTED.[1]

BACKGROUND

Plaintiff filed a claim for benefits pursuant to Title II of the Social Security Act on October 30, 2019, which was denied. See Petition, ECF No. 22 at 2. On August 18, 2023, the Administrative Law Judge denied Plaintiff's application for benefits and the Appeals Council later denied Plaintiff's request for review. See id. On July 1, 2024, Plaintiff appealed to this Court. See Complaint, ECF No. 1.

On June 24, 2025, Chief District Judge Derrick K. Watson issued an Order reversing the decision of the commissioner of social security and remanded the matter for further administrative proceedings. See Order Reversing Decision of the Commissioner of Social Security and Remanding for Further Administrative Proceedings, ECF No. 17. Following remand, the Court approved the parties'

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

stipulation awarding Plaintiff $9,557.00 in attorneys' fees under the Equal Access to Justice Act (EAJA).  See Stipulation for the Award and Payment of Attorney's Fees, ECF No. 21.  On remand, Plaintiff received a favorable hearing decision granting the application for benefits in part.  See Petition, ECF No. 22 at 3.

Pursuant to the terms of her retainer agreement with counsel, Plaintiff agreed to pay counsel a fee equal to twenty-five percent of her past-due benefits if her social security appeal was successful.  See Attorney Fee Agreement, ECF No. 22-4.

The SSA provided Plaintiff a Notice of Award on February 23, 2026.  See Notice of Award, ECF No. 22-3.  In the Notice of Award, the SSA stated that it was withholding twenty-five percent of the total past-due benefits awarded to Plaintiff, in order to pay any approved request for attorneys' fees.  See id. at 3.

In the Petition, Plaintiff's counsel asserts that she is entitled to an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $35,043.00 pursuant to the retainer agreement with Plaintiff.  See Petition, ECF No. 22 at 8; see also Plaintiff's Supplemental Brief, ECF No. 27 at 2.  Regarding counsel's previous EAJA award in the amount of $9,557.00, counsel asserts that she "will reimburse [Plaintiff] the entire $9,557.00 EAJA award upon receipt of the 406B fees."  See Plaintiff's Counsel's Declaration, ECF No. 22-1¶ 14.

## DISCUSSION

3

Under 42 U.S.C. § 406(b), the court may award reasonable fees to a successful claimant's counsel up to twenty-five percent of the claimant's past-due benefits.  See 42 U.S.C. § 406(b)(1)(A).  This limit applies to the total of EAJA and Section 406(b) fees combined.  See 28 U.S.C. § 2412; see also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (holding that a district court may award fees under both the EAJA and 42 U.S.C. § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee").  The attorneys' fees awarded under Section 406(b) are paid by the claimant out of the past-due benefits awarded, and the claimant's attorney bears the burden of demonstrating the requested fee is reasonable.  See id. at 807.

If counsel represents a claimant pursuant to a contingency fee agreement, that agreement is the starting point for the Court's reasonableness determination.  See id. at 808; see also Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009).  If the fee requested is consistent with the fee arrangement and within the statutory maximum, the Court then conducts an "independent check" to determine whether the requested fee is reasonable "based on the character of the representation and the results the representative achieved."  Gisbrecht, 535 U.S. at 807-08.  "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued

4

amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case'" such that "the requested fee would result in a windfall." Crawford, 586 F.3d at 1148, 1151 (quoting Gisbrecht, 535 U.S. at 808).

Under the standards articulated above, the Court finds that counsel met her burden of demonstrating that the requested fees are reasonable. Pursuant to the fee agreement in this case, Plaintiff agreed to pay counsel twenty-five percent of his past-due benefits if counsel successfully represented her on appeal and owed no fees to counsel if the appeal was unsuccessful. See Attorney Fee Agreement, ECF No. 22-4; Crawford, 586 F.3d at 1152 (considering the "significant risk" that attorneys face in taking social security cases on a contingent basis in determining whether the requested fees are reasonable). Counsel's request for $35,043.00 in attorney's fees, less the $9,557.00 in fees already paid, represents the statutory maximum of twenty-five percent of the past-due benefits awarded to Plaintiff. See Petition, ECF No. 22 at 8; Plaintiff's Supplemental Brief, ECF No. 27; see also 42 U.S.C. § 406(b)(1)(A).

Because counsel provided quality representation and obtained a successful result in this Court, which resulted in Plaintiff receiving substantial past-due benefits, the Court finds that no reduction in fees due to substandard performance is warranted. Further, there is no evidence that counsel caused any

5

delay to suggest that the Court should reduce the fees awarded for dilatory conduct.  Lastly, no reduction in fees is necessary to prevent counsel from receiving a windfall.

In support of the Petition, counsel states that she "spent 37.86 hours litigating in Federal District Court[.]"  Plaintiff's Counsel's Declaration, ECF No. 22-1 ¶ 10.  Moreover, counsel also explains that "[i]n addition to the 37.86 hours expended at the federal district court level, [she has] spent additional hours representing [Plaintiff] during her administrative proceedings."  Id. ¶ 11. Therefore, considering counsel spent at least 37.86 hours litigating this matter, her *maximum* hourly rate is $925.59.

Courts in this circuit regularly award fees with rates exceeding $1,000 per hour in similar cases.  See Brazile v. Comm'r of Soc. Sec., 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) (collecting cases); see also Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (stating that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss").  The Court finds that no downward adjustment in the requested fees is necessary in this case.  Accordingly, the Court finds that a fee award of $35,043.00 is reasonable.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Counsel's Petition, ECF No. 22, and authorize an attorney's fee award of $35,043.00 in accordance with 42 U.S.C § 406(b), and ORDER Plaintiff's counsel to pay Plaintiff the previously awarded EAJA fees in the amount of $9,557.00.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 17, 2026



Wes Reber Porter
United States Magistrate Judge

Olson v. O'Malley; Civ. No. 24-00282 DKW-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S COUNSEL'S PETITION FOR 406(b) FEES

8